**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM THOMAS COATS,

          Plaintiff - Appellant,

  v.

MICHAEL FOX, Dr.,

          Defendant - Appellee.

No. 11-18085

D.C. No. 2:09-cv-01300-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding[**]

Submitted September 10, 2012[***]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    California state prisoner William Thomas Coats appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We reverse and remand.

The district court dismissed Coats's claims against defendant Fox because Coats did not exhaust administrative remedies at the second and final levels of review. However, Coats's grievance requested immediate Interferon treatment for his Hepatitis C, and the first level of review "fully granted" the appeal. The response stated that Coats would receive Interferon treatment when he reached a mainline facility and that he would be transferred as soon as possible, and it thereby satisfied Coats. Coats "ha[d] no obligation to appeal from a grant of relief . . . in order to exhaust his administrative remedies. Nor is it [his] responsibility to ensure that prison officials actually provide the relief that they have promised." *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010). Accordingly, we reverse and remand for further proceedings on Coats's claims against defendant Fox.

We do not consider the dismissal of Coats's claims against the remaining defendants because Coats has failed to raise these issues on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**REVERSED and REMANDED.**

11-18085